## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL D. JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CASE NO.: 1:06 CV 00001-MHT** |
| **v.** | ) |
| | ) |
| **MGA, Inc. d/b/a** | ) |
| **MOVIE GALLERY** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER

Comes now Movie Gallery U.S., Inc. ("Defendant"), incorrectly identified in Plaintiff's Complaint as MGA, Inc., by counsel, and hereby submits its Answer to Plaintiff's Complaint, as follows:

1. With regard to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff purports to bring his lawsuit under the statutes listed therein. Defendant denies that it has violated any of the statutes listed.

2. Defendant admits that jurisdiction is proper.

3. Defendant admits that venue is proper but denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that it is a Delaware Corporation licensed to do business in Alabama. Defendant also admits that Plaintiff is an African-American citizen of the United States who was employed by Defendant in Houston County, Alabama.

5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

11. The allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

12. The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

13. Defendant denies that Plaintiff is entitled to any relief in this action including the relief requested in the paragraphs in Plaintiff's Complaint under the heading "Claims for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

1. Plaintiff's Complaint, each and every allegation and every count contained therein, fails to state a claim upon which relief may be granted against Defendant.

2. There is no genuine issue as to any material fact and Defendant is entitled to a judgment in its favor as a matter of law.

3. To avoid waiver, Plaintiff has failed to exhaust, or to timely exhaust, his requisite administrative remedies with respect to any alleged unlawful employment practices of Defendant.

4. Any and all employment decisions relative to Plaintiff about which Plaintiff is complaining were made for legitimate, nondiscriminatory and nonretaliatory reasons.

5. Plaintiff's claims in this action, in whole or in part, are barred by the applicable statute of limitations and are time barred.

6. Defendant is not guilty of any intentional or culpable action and is not liable to Plaintiff under any theory of law.

7.      Plaintiff has failed and neglected to use reasonable means to protect himself from loss and/or to minimize or mitigate the alleged losses and damages complained of in his Complaint.

8.      Plaintiff should not recover on his claim for punitive damages because Defendant did not unlawfully discriminate against Plaintiff, willfully or otherwise.

9.      To avoid waiver, Defendant may not be held liable for punitive damages as it has undertaken a good faith effort to comply with Title VII and §1981 and has never acted with malice or with reckless indifference to Plaintiff's federally protected rights.  See *Kolstad v. American Dental Ass'n*, 119 S.Ct. 2118, 2128-29 (1999).

10.     Except as they are specifically admitted hereinabove, Defendant denies the material allegations of Plaintiff's complaint and demands strict proof thereof.

11.      Defendant denies that it was motivated by any unlawful animus when it took employment decisions with regard to Plaintiff.  Defendant asserts, however, that it would have made the same employment decisions irrespective of any unlawful motive.

12.     Defendant denies that Plaintiff has suffered any adverse employment action or that any such action was the result of discriminatory or otherwise improper factors or motives.

13.     To avoid waiver, Defendant exercised reasonable care to prevent and correct promptly any racially hostile environment and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer and/or to avoid harm otherwise.  *Faragher v. City of Boca Raton*, 524 U.S. 775, 188 S. Ct. 2257, 141 L. Ed 2d 633 (1998).

14.     Defendant denies that any unlawful acts were committed against Plaintiff.  However, even assuming they occurred (which they did not), Defendant is not liable for actions

which were neither authorized nor ratified by the Defendant or were committed outside the scope of employment.

15. Plaintiff's claims and/or damages may be limited by the after acquired evidence doctrine.

16. Plaintiff has suffered no damages as a result of the matters alleged in the Complaint.

17. Plaintiff cannot establish that an equally or less qualified employee who is not a member of the protected class was promoted or hired into the Director of Game Zone/Trade Zone position.

18. To avoid waiver, Defendant avers that Plaintiff's claims are barred by the statute of frauds, res judicata, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, parole evidence rule, release and/or estoppel.

19. The alleged harassment was not sufficiently severe or pervasive to constitute discrimination on the basis of race within the meaning of the law.

20. Plaintiff's claims are frivolous, vexatious and designed to harass, coerce and intimidate and Defendant is entitled to recover all attorneys fees, costs and other expenses incurred in defending against this case.

21. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

22. Plaintiff is not entitled to punitive damages under federal or Alabama law.

23. Defendant has neither commenced or completed discovery and respectfully reserves the right to amend and revise its answer from time to time upon discovery of additional facts or information.

/s/ *John B. Holmes, III*
Jeffrey A. Lee  (ASB-6829-E48J)
John B. Holmes, III (ASB-6523-O42H)
Attorneys for Defendant
Movie Gallery U.S., Inc.

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue North
2400 AmSouth Harbert Plaza
Birmingham, Alabama 35203
(205) 254-1000

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 13th day of February, 2006, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Malcolm R. Newman, Esq.
P. O. Box 6137
Dothan, Alabama 36302

                                                /s/ *John B. Holmes, III*
                                                OF COUNSEL